

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,869-01

### EX PARTE WILBERTO ARRELLANO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1353257-A IN THE 339TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of murder and sentenced to life imprisonment. The First Court of Appeals affirmed his conviction. *Arrellano v. State*, No. 01-15-00814-CR (Tex. App. — Houston [1st Dist.] June 7, 2018). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective because counsel failed to file a motion in limine, and if necessary, object to inadmissible hearsay and opinion testimony that the witnesses' identifications of applicant in the photo-spread were reliable. Applicant also contends that counsel was ineffective for "opening the door" by asking a witness whether the prior convictions offered by

the State were the only times applicant had been in trouble with the law when both counsel and the witness knew about a separate murder charge for which applicant was under investigation. Applicant contends his appellate counsel was ineffective for failing to present a motion for new trial within ten days of filing it as required by TRAP 21.6. Based on the record, the trial court has determined that trial and appellate counsels' performances were deficient and that Applicant was prejudiced. The trial court recommends granting a new trial, a new punishment hearing, and an out-of-time motion for new trial.

However, based on our independent review of the entire record, this Court finds that Applicant has failed to meet his burden to show counsel's performance was deficient or that his defense was harmed by the alleged deficient conduct. *Strickland v. Washington*, 466 U.S. 668 (1984). We deny relief.

Filed: February 15, 2023
Do not publish